2015-1422, Niev v. Alcon. Is it Mackman? Mackman, yes. Yes, Mr. Mackman, please proceed. Good morning, and may it please the Court. My name is David Mackman, and I'm here on behalf of Dr. Joseph Niev. I'm asking you to vacate an arbitration award, and there are three issues that I'm going to address in that connection. One is the completely irrational or manifest disregard standard, which I believe I meet. Another is the fact that the arbitrator exceeded his powers by awarding costs contrary to the language of the agreement. And finally, I'm going to talk about evident partiality. I'm going to start and spend most of my time on the issue of manifest disregard of the law. What I have here that is relatively unique is dispositive evidence. The Ninth Circuit case law acknowledges that there are cases where the evidence, the undisputed facts, cannot be reconciled with an arbitrator's award. And that's what I have here. It relates to Claim 5 of the patent. Claim 5 is an open-ended. It uses the word comprising. It's a method claim. It has six steps. Five of the steps are admitted by defendants to be performed. The only step that is challenged is Step A, which requires providing a continuous wave source, a source that is capable of emitting a continuous wave of electromagnetic radiation. Alcon's expert acknowledged that the accused device has such a source. So there is no dispute that there is a continuous wave source in the accused device. And in order to avoid this dispositive evidence, the arbitrator fabricated a claim construction. He, recognizing that Claim 5 starts with a continuous wave and ends with a pulsed wave, and that the accused product starts with a continuous wave and ends with a pulsed system, the arbitrator knew that he couldn't, on the evidence, having asked the expert for the defendant whether there was a continuous source, he couldn't rule that there was no continuous source. So he made up a concept, the continuous pulse, and said there is no continuous pulse here. That concept, there's no error of fact. He's correct. There is no continuous pulse in the accused device. And the reason is because there's no such thing as a continuous pulse. Continuous and pulsed are diametrically opposed concepts. That is to say, the set of things that are- Your argument boils down to, if I understand it, that the arbitrator erred in his claim construction. Correct. Well, that's an error of law, not a manifest error of fact. It's an error of law, because claim construction is a question of law, and this isn't an issue of relying on extrinsic evidence or something like that. So it's an error of law. And you know what? I may completely agree with you that he erred on that claim construction. But that doesn't seem to me, under Ninth Circuit law, to be enough to get you over the hurdle of the great amount of discretion I have to give to the arbitrator. So I don't view it as an error of law because he did not issue any specific construction of that claim prior to the hearing. And under the plain language of the claim, the admission is that the source, as understood by those of skilled in the art, Alcon, with all the money in the world, could not find an expert who would deny that there's a continuous wave source here. Let's go back a little bit. The argument is that the claim construction is erroneous. My argument- Was wrong. My argument is that he did not apply the claim as construed. So he erred in the claim construction in the process and analysis that he undertook. How can that be a manifest disregard of the law? He didn't disregard the law. I mean, he provided a claim construction. And apparently, from what I can tell, he followed the normal steps for construing a claim. How can that be a manifest disregard of the law? He did not provide a claim construction. The original claim language stuck after the hearing when he saw that under the testimony of the witness, we have what I call the Sesame Street test. The exact language of the claim the defendant's expert admitted is present. So it is clear that under these facts, it is undisputable that this element is met. And it's the only met challenge. It's the only element challenged. So there's infringement. And making up a concept of a continuous pulse after the fact, that's not anywhere, that's completely irrational, has to be a manifest disregard of the law. The patent is the law. It has the force of law. It's issued by the executive branch of the government as an exclusive right under the Constitution. And if in the plain language of the patent, it's clearly met in the accused device, you can't say, I don't think it infringes. You can't just say, I'm not going to apply the patent. You have to read the patent. You have to put your analysis. It has to be based in the patent. And there's no defense of the continuous pulse concept. It's not in the claims. It's not in the spec. It's not in the file history. It's not in the evidence. It's not in the art. It seems to me that perhaps a manifest disregard of the law would have been had the arbitrator refused to undertake any claim construction whatsoever. As opposed to refusing to apply the claim as he construed it. Maybe he got it wrong. Maybe he got claim construction wrong. But does that amount to a manifest disregard of the law? Not only just a disregard of the law, but a manifest disregard of the law. Yeah, I think it's irreconcilable with the facts. I've got clear facts. I mean, you understand what happened here. I've got the facts. The pure testimony says there's infringement. He made things up to avoid the dispositive evidence of record. Do you see manifest disregard as being a higher standard than clear error? I do. But how would you characterize it other than simply repeating manifest disregard? I'm looking for the standard in some way that I can apply it. I mean, clear error is a standard we're fairly familiar with. But how much more must there be than clear error in order for it to be manifest disregard? Well, the language I've been quoting in my argument has been irreconcilable with the undisputed facts. Well, but that would be a description of certainly some class of clear error, right? The question is what—characterize for me, if you would, the subset that you think this case falls into that's more egregious than simply something that would be clear error. Well, first it's clearly—it's completely irrational in that there's a—he's construed the claim after the fact without providing notice to us as a null set. So that's an irrational construction. It's contrary to the essence of the agreement, which is something they use in discussing the clearly—a completely irrational test, contrary to the essence because the essence was they would use our badge of technology and they would pay for it. And so if they're using it and the undisputed testimony is that they're using it, the arbitrator chose—not chose an irrational method of avoiding that testimony, but that's the testimony. He had a ruling that he wanted to reach regardless of the language of the patent. There has to be some level of quality control in arbitration. We paid $160,000 to this guy, you know, to not read the patent. Do you want to address the issue of costs? I'd be interested in hearing them. Well, sure. So we'll move on to the issue of costs. The issue of costs is covered in the arbitration agreement. We did plead a request for costs, which in my view we could get to if the contract was breached and if there was willful infringement, and I think there is willful infringement. I'm here on manifest disregard of the law and irrationality because their defenses are completely baseless, objectively baseless. And so I thought that's where I was going to end up in this case. That's why we pled it. He has no case law that he's relying on that says just by pleading, you waive the protections of the contract. So if there was an analysis that got us from this is the contract language, the contract is no longer in place, and now I'm awarding costs for these reasons, which you would have gotten to in my theory, in plaintiff's theory, because I would have had willful infringement or fraud. If that analysis existed, then we could have gotten to what we pled, and we couldn't have gotten there unless we pled it. So we shouldn't be put in the unreasonable position of having to waive the cost provision in order to plead it. And none of the case law that he cites supports that position. None of it is that extreme. It's a trap for the unwary. And then finally I'll talk about the partiality issue. Your side also submitted for costs, correct? We requested costs, yes. That was in the pleading. That's correct. So both sides, you have an agreement that you're going to bear your own costs in this proceeding. Correct. And then at a certain point in the proceeding, both sides request for costs that were not envisioned within the agreement. We request the opportunity to argue whether costs are available. And in our view, the contract after breach is different from his ruling, which kept the contract in place. Had you won and the arbitrator awarded you costs, would you be appealing this issue today? If I'd won and he awarded me costs and he had found willful infringement? Well, no. We're talking about costs. That's the theory of law that I was trying to preserve with that pleading. So I guess what I'm getting at is the problem you have is that you were not awarded costs. It's not that whether the arbitrator could have considered whether to award costs to begin with. I respectfully disagree. I think that on the theory under which he made his award, the contract stayed in place, that we were entitled to rely on the provisions of the contract. That's my argument. And last partiality, I know we're running low on time, but we have this website. The arbitrator's name was on the website of the law firm that wrote the contract in being arbitrated. They've submitted declarations saying that it's just a list of judges. They've appeared before. Whether that's true or not, I don't know. I've been looking at things. Of the three of you, Judge Bryson is on there. He has a clerk that works now for Fish & Richardson. Neither of you are on there. I have something like six. When you say a clerk that works for Fish & Richardson, I have former clerks. Former, correct. At least one of whom. I mean, it would be a breach of ethics if I had a current clerk, just to be clear. But I have something like 65 former clerks. The odds are pretty good that at least one of them will work for some of the patent firms in the country, and that's not a basis for recusal, right? But you're not arbitrating a case where you're on the website, and you're a sitting judge. I am sitting here today hearing this case. Do you think that that's inappropriate? Should I recuse myself? No, you have a rule. I have a rule? You have a rule, yeah, that says if they're not currently a clerk, then it's disposable. No, but I'm talking about my name being on the list, which presumably, I guess, I don't know. I was never a consultant. Is it because Fish & Richardson people have appeared before me? I think it's because they're Fish & Richardson clerks. But they said it's because they – they said first it's on our website by accident. Second, it's because we appeared in front of – this is the judges we appeared in front of. But they're a 150-year-old firm. They've been in front of the Supreme Court. None of those justices are listed except for the one who they – Justice Alito? Yes. But I'm trying to get at what it is that you think triggered an obligation by the arbitrator to get off the case. Oh, it's the appearance. That wouldn't trigger, for example, an obligation for me to get off this case. Oh, because the standard of appeal and the standard of appointment are completely different. So a sitting judge has both gone through the presidential appointment process, but also we have – I'm not stuck with this manifest disregard of the law if it were a district court judge case. If it were an appellate judge, of course, it's difficult to take that to the Supreme Court. But that's not the situation we're faced with here. What I have is a client that called me up just in shock when he saw this because of the – and so I think there's genuinely appearance of impartiality. Well, but the appearance of impartiality would apply to me. So if the name of Judge Rosenbaum on the list is enough to create an appearance of impartiality, then I don't see why my name being on the list doesn't also create an appearance of impartiality. Because there's an established practice. Oh, everybody knows that the rule with the Federal Circuit is if they're sitting – if it's a case that you worked on while you were clerking, you can't be involved in it. Otherwise, you're okay. That's the rule, right? Am I wrong? That's my understanding of the rule. Well, yes, that's certainly true. And it's much more public than an arbitration. Well, okay. So I guess I'll reserve my time. Okay, very good. Mr. Matsui? Thank you, Your Honor. And may it please the Court, Brian Matsui on behalf of Alcon Lensex. Dr. Neeb is treating this appeal like it's a straight-up patent appeal from a district court's determination of non-infringement. But that's not the posture of this case. This court's review is extremely limited under the Federal Arbitration Act. The Supreme Court has held that Section 10 of the FAA provides the exclusive grounds in which an arbitration award can be vacated. What is that standard? Here it exceeds his authority. Dr. Neeb must show that the arbitrator exceeded his authority, that he committed manifest disregard of the law. What if he construed a statute in a way that was inconsistent with how that same statute was construed by other courts? That's a question of law. Would that be sufficient to meet the standard under the Ninth Circuit precedent? It would not, Your Honor, because in order to be a manifest disregard of the law, the arbitrator must recognize the correct law and then ignore it. This ground under Section 10 is very limited. It's like the other grounds to vacate an award where there's fraud or corruption biased on the part of the arbitrator. If the arbitration agreement was bound by the Ninth Circuit law  and if this arbitrator did not follow that construction, you're saying that wouldn't amount to manifest disregard of the law? No, it wouldn't, Your Honor, and the reason would is because the arbitrator has to recognize the correct law and then ignore it. The Supreme Court in the Stolt-Nielsen case, for example, examined when an arbitrator exceeds his authority. Suppose they recognized. So suppose that the Ninth Circuit's interpretation of the statute was brought to the arbitrator's attention in the briefing. Then how could you say the arbitrator didn't recognize it if he disregarded it and held a contrary construction of the statute? Your Honor, because in order to show a manifest disregard of the law, the arbitrator has to basically be dispensing his own brand of industrial justice. That's what the Supreme Court said in the Stolt-Nielsen case. It said we don't vacate arbitration awards for error, even serious error. The arbitrator has to be effectively dispensing his own brand of industrial justice. He has to be imposing his own policy decisions on the parties. That's how limited the review is under Section 10. Of course, in this case, we're nowhere near that standard because we— You're saying like a really egregious error of law is not something we could touch under Ninth Circuit precedent. I don't think you could touch that under any court's precedent, including the Supreme Court's precedent, where it's saying a serious error is not a basis to vacate the award under Section 10. And that makes sense because Congress enacted the FAA to overcome judicial hostility to arbitrations. It did not want arbitration to be a prelude to full-bore legal and evidentiary analysis into arbitration awards. The parties here bargained to have the quick, efficient, and cost-effective method of dispute resolution that arbitration provides. What Dr. Neve is asking is that you do a full analysis into the correctness of the decision. And that's just not allowed under the Federal Arbitration Act in this case. In this case, the arbitrator followed the law correctly. He stated this court's claim construction principles correctly. He stated this court's infringement principles correctly. And then he applied them to the facts of this case. He took expert testimony. He weighed the expert testimony. And he found, as a matter of fact, that the accused device did not meet a limitation in Claim 5. Under clear error, that would be exceedingly difficult for Dr. Neve to overcome. But we're not reviewing for clear error. We're reviewing for manifest disregard of the law, whether or not the arbitrator here recognized the correct law, this court's claim construction principles, and then fundamentally ignored them. There's just no basis here under that standard to disturb the arbitration award. Setting aside the standard, why don't you talk a little bit about the merits of the claim construction issue and tell us why you think, if you do, that the arbitrator was correct. The arbitrator here looked at the LensX device and found what was missing was step A. And that requires a source capable of generating an output beam of continuously emitting electromagnetic radiation. And the arbitrator found, as a matter of fact, that the LensX laser didn't have a source that was capable of generating an output beam of continuously emitted electromagnetic radiation. There was testimony at the trial, at the hearing, which said that the LensX device would just turn off. It could not produce that non-pulsing beam. The source was not capable of generating an output beam that would be non-pulsing. There was a fail-safe there to prevent that from happening. So, quite frankly— Is that because of the heat problem that develops inside the laser, the heat that— It's just the way that the device works. It only uses a pulsing beam to remove the material in the Alcom LensX device. And so, there would be no way to have the device actually remove material. So, I mean, the arbitrator found that, as a matter of fact. So, it's exceedingly difficult to overturn that, even if this was direct review of a district court decision. Of course, it's not. And this court wouldn't review for errors of fact like that under the manifest disregard standard. What do you think the arbitrator meant by continuous pulse? So, I think that if we turn to the arbitrator's decision on A879, it's very clear what the arbitrator meant here. Around the middle of that paragraph where he talks about Claim 5, he says, It's clear that continuous emitted pulse here means just there is no non-pulsing beam. That's just what he means there. Even if he just put the wrong word in there, which I don't think he did, that wouldn't be grounds to vacate the award. It would just be a simple mistake. Again, I don't think he did that. I'm sorry. Go ahead. Yes, Your Honor. I'm sorry. No, finish it. And I was saying that that would certainly not be a manifest disregard of the law. So, you think that what he meant by continuously emitted pulse is a series of pulses over an extended period of time? I think what he's saying is that the pulse is not a continuously emitted. So, it's like this pulse is just not a continuous wave beam. That's what he basically means there. But didn't he say that it was a continuously emitted? Well, okay. It does seem that the words continuous and pulse are somewhat at war with one another. Do you interpret, again, the arbitrator to have meant by continuously emitted pulse? I think that if you refer back to the sentence before this one where it says, its laser does not and cannot produce a continuous wave, that's basically what the LensX device can't do. And that's what he's saying is missing. That's what there is no. There is no, when he's saying continuously emitted pulse, he's basically meaning there is no non-pulsing beam from the accused device. So, the word pulse is where the problem arises, I guess. I don't really necessarily think that there's a problem here because he's saying, you know, that this could be a beam that's a continuously emitted beam, and he may just be saying pulse rather than pulses. But, you know, taking a step back, again, this is reviewed under the highly deferential standard of review. It's very clear from the context that he understands that what's missing is a non-pulsing beam from the output here. Why don't you move on to the issue of cost? Certainly, Your Honor. There's just three quick points I'd like to make about cost. The first is, Dr. Neve, of course, asked for costs in this proceeding, notwithstanding the no cost provision. All his claims, if we look at the arbitration clause itself, it basically says at AA846, that basically all disputes arising between the parties here under or as a result of this agreement shall be arbitrated. So any dispute, including his fraud claims, which relate to the arbitration agreement, would be subject to this arbitration clause. And the no cost provision applies to the entire arbitration, yet Dr. Neve sought costs. The second issue is the parties jointly submitted the issue of costs to be decided by the arbitrator, and no one objected to that. This was a joint submission where both parties asked for costs. The law is clear that when the parties have a submission agreement of issues to be decided, they can modify the agreement of what is going to be arbitrated. And that makes sense. Arbitration is a creature of contract. And so the parties, when they arbitrate, can decide what disputes they want arbitrated and what disputes they don't want arbitrated. And they can change their mind. That's what happened here. Dr. Neve did not object to costs until he lost, until costs were awarded against him, until the arbitrator said, Lenz X gets its costs. We can't have a situation where the parties agree to submit an issue and then the other side waits and sees to see what happens. Maybe he thought he was going to win, but when he didn't and costs were awarded to him, it was too late for him to object to the award of costs. If there are no additional questions on costs, we would submit on partiality, unless the court has any questions. Thank you, Mr. Matsui. Mr. Mackman? Sure, I'll be quick. This morning I was reminded of Mark Twain, who said he moved to work as a journalist in Nevada because he could make up the news there. You can't move to become an arbitrator because it gives you the opportunity to make up the law. If you affirm this award, you're sending the message that arbitrators do not need to follow the claims, do not need to follow the patent. A patent is an exclusive right. It has the constitutional, it has the force of law, and there needs to be some quality control in these things. This is an exceptional case, an unusual case. I've got evidence on my side. When you do the weighing, there is no legally relevant evidence on their side. It is irreconcilable. The facts, the testimony, and the opinion are not reconcilable. If this is not reversible, then nothing is reversible. Thank you. Thank both counsel for their argument. The case is taken under submission.